AUSA:  Carmi Schickler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED COMPLAINT** |
| v. | Violation of 21 U.S.C. § 841(a)(1) |
| ANGEL AVILES CRUZ, | COUNTY OF OFFENSE: WESTCHESTER |
| Defendant. | **7:25mj2124** |

SOUTHERN DISTRICT OF NEW YORK, ss.:

JUSTIN SZILVA, being duly sworn, deposes and says that he is a Task Force Officer with the Drug Enforcement Administration ("DEA"), and charges as follows:

## COUNT ONE
### (Possession with Intent to Distribute Controlled Substances)

1.      On or about July 2, 2025, in the Southern District of New York and elsewhere, ANGEL AVILES CRUZ, the defendant, knowingly and intentionally possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.      The controlled substance involved in the offense was 400 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(A))

The bases for my knowledge and for the foregoing charge are, in part, as follows:

3.      I have been a Task Force Officer with the DEA since 2021, and a law enforcement officer since 2006.  In those capacities, I have participated in numerous investigations into narcotics distribution. I have spoken with other law enforcement agents who personally participated in the investigation of this matter.  I make this Affidavit in part on personal knowledge based on my participation in the investigation; review of reports and other documents prepared by law enforcement agents and others; and physical surveillance

4.      This affidavit is based upon my personal participation in the investigation of this matter, my conversations with other law enforcement officers, and my examination of reports and records, including body camera surveillance footage and photographs.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5.      Based upon my participation in this investigation, my review of body camera footage, my review of related law enforcement records, and my conversations with other members of law enforcement, I have learned the following:

a.      On or about July 2, 2025, at approximately 11:17 a.m. in the vicinity of New Rochelle, New York, a member of local law enforcement ("Officer-1")[1] observed a 2005 Gray Honda Pilot (the "Vehicle") commit an unsafe lane change, in violation of New York Vehicle and Traffic Law ("VTL") Section 1128, and follow another automobile too closely, in violation of VTL Section 1129, while driving northbound on I-95. Following these violations, Officer-1 pulled the Vehicle over in the vicinity of Mamaroneck, New York, and initiated a traffic stop based on the foregoing violations of the VTL.

b.      After initiating the traffic stop, Officer-1 asked the driver of the Vehicle, later identified as ANGEL AVILES CRUZ, the defendant, to exit the Vehicle, at which time Officer-1 began to converse with AVILES CRUZ. During that conversation, AVILES CRUZ engaged in behavior that, based on Officer-1's training and experience, appeared suspicious, including speaking very quickly, looking around nervously and avoiding eye contact, providing internally contradictory information, and repeatedly rambling and/or stumbling over his words. Officer-1 then asked AVILES CRUZ for consent to search the entire Vehicle, including its contents, which AVILES CRUZ provided.

c.      During Officer-1's search of the Vehicle, Officer-1 observed a shopping bag containing a brown, cardboard box (the "Cardboard Box") on the rear floor of the car behind the passenger seat, as depicted in the below screenshot from Officer-1's body camera surveillance footage:



---

[1] Officer-1 is a former Task Force Officer for Homeland Security Investigations, within the United States Department of Homeland Security.

After removing the bag and the Cardboard Box within it from the Vehicle, Officer-1 asked if AVILES CRUZ was willing to open the Cardboard Box.  AVILES CRUZ said he was willing to do so and opened the Cardboard Box.  Within the Cardboard Box, Officer-1 observed what appeared to be several plastic-wrapped bricks stamped in red with the word "PASSION" and a logo consisting of three hearts pierced with an arrow, each of which appeared to contain dozens of paper-wrapped items.  Based on my training and experience, this packaging and stamping is consistent with the transportation of powder heroin and/or fentanyl intended for distribution. AVILES CRUZ was then placed under arrest.  Officer-1 then placed the Cardboard Box on the ground, away from both the Vehicle as well as Officer-1's vehicle, before approaching the Cardboard Box with a drug-detecting canine.[2]  After approaching the Cardboard Box, that canine signaled to Officer-1 that it had detected the scent of narcotics.

   d. Law enforcement officers subsequently field tested the contents of the Cardboard Box, which tested positive for fentanyl.  The Cardboard Box and its contents, with the positive field test lying on top, are depicted below.



   e. Upon further examination of the contents of the Cardboard Box, law enforcement officers determined that it contains 17 plastic-wrapped bricks, each of which contains glassines.  The glassines in each brick are enclosed in paper wrappings containing approximately

---

[2] Based on my training and experience, I know that canines used in law enforcement are trained to detect various scents, including those of narcotics such as fentanyl.  Based on my conversations with Officer-1, I know that the canine used here received such training.

50 glassines each, and there are approximately 25 such paper wrappings within approximately 16 of the 17 plastic-wrapped bricks.  In addition, there is one plastic-wrapped brick that contains approximately 33 such paper wrappings.  As a result, I estimate that the Cardboard Box contains a total of approximately 21,650 glassines.  Based on my training and experience, I understand that one glassine contains approximately .03 grams of powder.  As a result, I estimate that the 21,650 glassines contain approximately 649.5 grams of powder, in the aggregate.

   f.  In a post-arrest, Mirandized statement, AVILES CRUZ stated to law enforcement officers, in sum and substance, that he was going to be paid approximately $1,500 to transport drugs from New York to Massachusetts, payable upon his return to Massachusetts.

  WHEREFORE, I respectfully request that ANGEL AVILES CRUZ, the defendant, be imprisoned or bailed, as the case may be.

       */s/ Justin Szilva*
       (by AEK, with permission)

       JUSTIN SZILVA
       Task Force Officer
       Drug Enforcement Administration

Sworn to me by reliable electronic means (FaceTime),
under Federal Rule of Criminal Procedure 4.1
this 3rd day of July, 2025.

THE HONORABLE ANDREW E. KRAUSE
United States Magistrate Judge
Southern District of New York